IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| LAFARGE NORTH AMERICA, INC., et al. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:08cv761 (JCC) |
| STATE STREET BANK and TRUST COMPANY, | ) ) ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant State
Street Bank and Trust Company's (Defendant) Motion to Dismiss the
complaint brought by Plaintiff Lafarge North America, Inc.
(f/k/a) Lafarge Corporation (Lafarge), the Lafarge North America
Inc. Retirement Plan (Plan), and the Lafarge North America Inc.
Master Retirement Trust (f/k/a/ Lafarge Corporation Master
Retirement Trust) (Lafarge Trust), (collectively, Plaintiffs).
For the following reasons, the Court will **grant** Defendant's
Motion to Dismiss Count III and **deny** the motion with respect to
Counts I and II.  The Court will also **grant** Plaintiff ten days
leave to amend its complaint as to Count III.

**I. Background**

The facts as alleged in Plaintiffs' Complaint are as

1

follows.  Plaintiffs include an "employee pension benefit plan," as that term is defined in the Employee Retirement Income Security Act of 1974 (ERISA) § 3(2)(A), 29 U.S.C. § 1002(2)(A). Plaintiffs include the "Plan Administrator," "Plan Sponsor," and "Plan Fiduciary," as those terms are defined in ERISA §§ 3(2)(A), 3(16)(A) and (B) and 3(21)(A), 29 U.S.C. §§ 1002(2)(A), (16)(A) and (B) and (21)(A).  Plaintiff Lafarge Trust was established by Plaintiff Lafarge to fund the plan and hold the Plan's assets. On January 1, 1997, Plaintiff executed an Agreement and Declaration of Trust (Trust Agreement) that established Bankers Trust (later known as Deutsche Bank Trust Company of America) as the Trustee of the Trust.  On July 30, 2003, the Trust Agreement was assigned to and assumed by Defendant through an assignment agreement (Assignment).

Through the Assignment, Defendant is obligated to hold and administer money and property in the Trust, to pay money out of the Trust at the direction of the Administrative Committee of the Plan (Committee), to process claims accurately and consistently under the terms of the Plan and at the direction of the Committee, and to keep accurate and detailed accounts of all transactions and make these records available to Plaintiffs in accordance with the Trust Agreement.  Plaintiffs paid fees to Defendant for its services as Trustee.

Under the Plan, certain retirees are eligible for a

Social Security bridge payment, which provides an increased benefit equal to the amount the individual would receive from Social Security from the time of retirement until the individual reached age 62.  The Plan also provides for certain level pension payments and pension payments for a term certain.  All of these provisions are limited in duration, meaning that, after a certain time, they are either adjusted or ceased.  These payments are, collectively, the "Limited Duration Pensions."

Plaintiffs instructed the Trustee regarding specific dates to cease Limited Duration Payments.  On January 1, 1997, when Bankers Trust became Trustee, it converted data and information from the prior Trustee so that it could pay benefits pursuant to Plaintiffs' existing instructions.  Seven years later, Bankers/Deutsche assigned its rights and obligations under the Trust Agreement to Defendant.

After Defendant entered into the Assignment, and "in or around Fall 2006," Plaintiffs noticed a high benefit payment. Review of this payment revealed that the Limited Duration Pensions had not been terminated in accordance with Plaintiffs' instructions, resulting in overpayments in excess of $1,100,000 and lost earnings on these overpayments in excess of $570,000.

Plaintiffs notified Defendant and requested that Defendant restore all losses to the plan, which Defendant did not do.  Plaintiffs repeatedly requested information from Defendant,

3

which Defendant provided approximately two months later.

On July 23, 2008, Plaintiff filed its Complaint, alleging violations of ERISA §§ 409, 502(a)(2) and 502(a)(3); 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(a)(3) for Defendant's: (1) breach of fiduciary duties for failure to follow the Trust Agreement, follow Plaintiffs' instructions, and monitor its own activities; (2) breach of fiduciary duties for failure to produce accounting, data and information to Plaintiffs; and, (3) violation of ERISA's prohibited transaction exemption rules.

Plaintiff prayed for numerous damages, including the amount overpaid on limited duration pension payments, investment losses on this amount, full restitution of all fees paid to Defendant, attorneys' fees and costs, and an order enjoining Defendant from further ERISA violations.

Defendant filed a Motion to Dismiss on August 18, 2008. Plaintiffs responded on September 2, 2008 with a Memorandum in Opposition to Defendant's Motion to Dismiss.  This matter is currently before the Court.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De*

4

*Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)
(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-
46 (1957).

In passing on a motion to dismiss, "the material
allegations of the complaint are taken as admitted." *Jenkins v.
McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted).
Moreover, "the complaint is to be liberally construed in favor of
plaintiff." *Id.* In addition, a motion to dismiss must be
assessed in light of Rule 8's liberal pleading standards, which
require only "a short and plain statement of the claim showing
that the pleader is entitled to relief." Fed. R. Civ. P. 8.
Nevertheless, while Rule 8 does not require "detailed factual
allegations," a plaintiff must still provide "more than labels
and conclusions, and a formulaic recitation of the elements of a
cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __
U.S. __, 127 S. Ct. 1955, 1964-65 (2007) (citation omitted).

### III. Analysis

Plaintiffs allege that ERISA applies to this case
because Plaintiffs include an "employee pension benefit plan," as
that term is defined in ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A).
Further, as Trustee of the Trust, Defendant is a fiduciary under
ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised
authority and control over the management and disposition of the
plan assets. Defendant agrees that it is a fiduciary. Finally,

Plaintiffs allege that Defendant is a "party in interest" under ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A), because it serves as a fiduciary of the Plan.  Defendant does not dispute this.

A.   <u>Count I: Defendant Breached its Fiduciary Duties to the Plan by Failing to Abide by the Trust Agreement and Plaintiffs' Instructions, and Failing to Monitor its Activities.</u>

Plaintiffs allege that Defendant breached its fiduciary duties under both ERISA and the Trust Agreement by its "failure to follow the Trust Agreement terms, failure to follow the Plan's instructions, and failure to monitor its conduct."  Compl. ¶ 55. Because of these failures, Plaintiffs claim that Defendant is liable for the resulting losses to the plan and is subject to such other equitable or remedial relief as the court may deem appropriate, under ERISA § 409(a), 29 U.S.C. § 1109(a).  Compl. ¶ 54, 56.

ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), provides for a civil action "by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title."  ERISA § 409(a), 29 U.S.C. § 1109(a), establishes liability for plan fiduciaries who "breach[] any of the responsibilities, obligations, or duties imposed upon fiduciaries."  These duties include the obligation to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries" and to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent

6

man acting in a like capacity and familiar with such matters would use . . . ."  ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B).  Section 1109(b) limits this fiduciary liability by providing that "[n]o fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary."  ERISA § 409(b), 29 U.S.C. § 1109(b).

Defendant argues that Count I should be dismissed because Plaintiffs do not allege that Defendant was Trustee when Plaintiffs gave instructions regarding when the Limited Duration Benefits were to cease.  According to Defendant, because it was not Trustee at the time Plaintiffs gave the instructions, it was not a fiduciary owing fiduciary duties to the Plan at that time.

Plaintiffs do not specifically allege when they conveyed the instructions, but they do imply that "the instructions were given before January 1, 1997."  Def.'s Mot. to Dismiss at 5 (citing Compl. ¶ 31 ("On January 1, 1997, when Bankers Trust became Trustee, it converted data and information from the prior Trustee so that it could pay . . . benefits pursuant to Plaintiffs' existing instructions regarding when Limited Durations Pensions were to cease")).  Plaintiffs acknowledge that Defendant was not Trustee at that time; however, they argue that Defendant is liable because it assumed "'all the

7

obligations, liabilities and duties . . . under or arising in connection with' the Trust Agreement, as if Defendant 'had been named as a party' to the Trust Agreement 'in place of' Deutsche." Compl. ¶ 15.

Plaintiffs' argument that Defendant is liable based on this language in the Trust Agreement fails for two reasons. First, under ERISA § 409(b), 29 U.S.C. § 1109(b), "no fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary."  Second, under the Trust Agreement, Defendant did not assume liability for the prior Trustee's breaches, as Plaintiffs assert.  The Trust Agreement provides that "subject to paragraph 1(b)" and "from and after the Effective Time," all of Deutsche's rights, liabilities, and duties "will be assumed by and transferred to" Defendant. Def.'s Mot. to Dismiss Ex. 2 ¶ 1(a).  Paragraph 1(b) states that "[t]his Agreement does not affect any rights or obligations arising from or relating to any period prior to the Effective Time or accrued by any party prior to the Effective Time . . ." Def.'s Mot. to Dismiss Ex. 2 ¶ 1(b).[1]  The Effective Time is

---

[1] Plaintiffs argue that this Court may not consider portions of the Trust Agreement or Assignment that Plaintiffs did not quote in its Complaint. Pl.'s Mot. in Opp'n at 10 n.1.  Plaintiffs refer to both documents in the Complaint, but did not incorporate or attach them.  Defendant attached both documents to its Motion to Dismiss as Exhibits 1 and 2.  It is "well-established that a district court ruling on a 12(b)(6) motion to dismiss may consider documents 'sufficiently referred to in the complaint' whose authenticity is not disputed, even if such documents are not attached to the complaint." *Koken v. Aon Risk Serv., Inc.*, 2006 WL 90068, *3 (E.D. Va. 2006)

defined in the Trust Agreement as "the time of the complete conversion of the accounts" from Deutsche to Defendant.  Ex. 2 Def.'s Mot. to Dismiss at 1 ¶ C.

The Court finds that Plaintiffs' allegations under § 1109 stand in spite of these failures because Plaintiffs have alleged sufficient facts to make it at least possible that Defendant breached its fiduciary duties to the Plan.  A motion to dismiss for failure to state a claim should be granted only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts."  *Johnson v. Mueller*, 415 F.2d 354, 355 (4th Cir. 1969) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Plaintiffs have stated two legal bases for recovery, ERISA and the Trust Agreement.  They have alleged that: (1) Defendant is a plan fiduciary, (2) Plaintiffs gave the instructions to the corporation acting as Trustee prior to 1997; and, (3) Defendant made overpayments in violation of these instructions.  These allegations do not, by themselves, establish

---

(citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993); *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).  The Trust Agreement and the Assignment were referred to and quoted throughout the Complaint, *see, e.g.*, Compl. ¶¶ 10-20, 49, 52, 55, form the basis for Plaintiffs' claims, and are therefore considered by the Court with this Motion to Dismiss.

Defendant's liability, however, assuming that they are true, as the Court must, the Complaint has set out sufficient basis for a cognizable claim.

Plaintiffs also allege that, as Trustee, Defendant has fiduciary duties under the Trust Agreement to follow that agreement and directions provided by the Committee.  Section 1109 only provides a remedy for breach of the "responsibilities, obligations, or duties imposed on fiduciaries by this subchapter."  Violations of additional fiduciary duties set forth only in the Trust Agreement must be raised under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which provides a cause of action "by a participant, beneficiary, or fiduciary (a) to enjoin any act or practice which violates any provision of this subchapter or the terms of this plan, or . . . to enforce any provisions of this subchapter or the terms of the plan."

Defendant argues that Plaintiffs may only seek an injunction and other appropriate equitable relief as a remedy for claims that fall under § 1132(a)(3) rather than § 1109.  The Court agrees, but finds that because Plaintiffs prayed for some equitable relief, *see* Compl. at 13, their § 1132(a)(3) claims will not be dismissed on this basis.  The Court will deny Defendant's Motion to Dismiss Count I of the Complaint.

10

B.    <u>Count II: Defendant Breached its Fiduciary Duties
to the Plan under ERISA and the Trust Agreement by
Failing to Timely and Accurately Respond to
Plaintiffs' Requests for Information.</u>

Plaintiffs' Complaint alleges that, as a fiduciary,
Defendant was obligated to timely and accurately respond to
Plaintiffs' information requests, Compl. at ¶¶ 59, 64, and that
Defendant failed to do so, *id.* at ¶ 60.  Plaintiffs also allege
that Defendant was obligated by the Trust Agreement to keep
accurate and detailed accounts of all transactions and to make
these records available to Plaintiffs, *id.* at ¶ 58, but that
Defendant failed to respond to requests in a timely manner, *id.*
at ¶ 62, and misrepresented its "involvement in the Limited
Duration Pensions in an effort to protect itself," *id.* at ¶ 63.

Plaintiffs do not cite to any section of ERISA that
provides a cause of action for these allegations.  However,
paragraph 1 of the Complaint ("Introduction") states that
Plaintiffs' cause of action is brought pursuant to ERISA §§ 409,
502(a)(2) and (3), 29 U.S.C. §§ 1109, 1132(a)(2) and (3).  To the
extent that Plaintiffs seek to enforce any general fiduciary
duties that may be imposed by ERISA and ERISA's specific
disclosure provisions, its allegations best fit under ERISA §
409(a), 29 U.S.C. § 1109(a).  To the extent that Plaintiffs seek
to enforce the provisions of the Trust Agreement, its allegations
best fit under ERISA § 502(a), 29 U.S.C. § 1132(a).

11

1.    Enforcing the Trust Agreement: § 1132(a)(3) Claims

Defendant argues that Plaintiffs may only seek an injunction and other appropriate equitable relief as a remedy for claims that fall under § 1132(a)(3) rather than § 1109.  The Court agrees, but finds that because Plaintiffs prayed for some equitable relief, *see* Compl. at 13, their § 1132(a)(3) claims will not be dismissed on this basis.

Defendant also submits that Plaintiffs' reference to a duty under the Trust Agreement to "keep accurate and detailed accounts of all disbursements and other transactions and to make those records available to Plaintiffs," Compl. ¶ 58, is insufficient.  This reference likely refers to paragraph 71 of the Trust Agreement, requiring Trustee to "keep accurate and detailed accounts of all investments, receipts, disbursements and other transactions" and maintain records that are "open to inspection and audit at all reasonable times during normal business hours by any Person designated by the Pension Committee."  Defendant submits that the Complaint does not allege that Plaintiffs requested to inspect Defendant's books, designated a person to do so, or submitted a written request, as required by the Trust Agreement.  Def.'s Mot. to Dismiss at 13.

The Court finds that this claim survives this motion to dismiss because Plaintiff's allegations satisfy Fed. R. Civ. P. 8, which requires only a "short and plain statement of the claim

12

showing that the pleader is entitled to relief."  Plaintiffs are not required to allege in detail every fact necessary to ultimately prevail.  *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998) ("notice pleading does not require plaintiff to expound the facts").  Plaintiffs have alleged the relevant facts and stated two legal bases for recovery, ERISA and the Agreement.  The Court will deny Defendant's Motion to Dismiss Count III of the Complaint.

> 2.   Enforcing ERISA: § 1132(a)(3)

The Court presumes that Plaintiffs would prefer to bring any claims that they may have to enforce the provisions of ERISA under § 1109, given that § 1109 permits many forms of recovery, while § 1132(a) only provides for injunctions or equitable relief.  However, the Court notes that, should Plaintiffs' ERISA claims under § 1109 fail, they also exist under § 1132(a)(3).

> 3.   Enforcing ERISA: § 1109

It is unclear from the Complaint what provisions of ERISA Plaintiffs seek to enforce with this action.  Defendant, also unable to determine this, makes two arguments.  First, it submits that, while ERISA has a specific disclosure provision requiring trustees to provide information "needed by the administrator to file the annual report," ERISA § 104(a)(1), 29 U.S.C. § 1024(a)(1) (Filing and furnishing of information),

Plaintiffs do not allege that they sought information under this section, Def.'s Mot. to Dismiss at 12.  Second, Defendant assert that the Fourth Circuit has rejected an argument that ERISA's general fiduciary duty (ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A)) requires disclosures or documents beyond the requirements of § 1024.  *Id.* (citing *Faircloth v. Lunday Packing Co.*, 91 F.3d 648, 657 (4th Cir. 2001)).

Plaintiffs do not respond to Defendant's argument regarding the specific disclosure provision, § 1124.  They do, however, respond to Defendant's point regarding the responsibilities implied in ERISA's general fiduciary duty. Plaintiffs argue that the general duty implied by ERISA creates an obligation by the trustee to provide all information requested by Plaintiffs.  This obligation arises, according to Plaintiffs, not from statute, but from case law.  Plaintiffs rely on *Libbey-Owens-Ford Co. v. Blue Cross and Blue Shield Mut. of Ohio*, 982 F.2d 1031 (6th Cir. 1993), which holds that ERISA borrows from trust law and therefore requires fiduciaries to provide information to the principal on demand.

In *Libbey-Owens-Ford,* the Sixth Circuit found that "[p]rinciples of trust law do apply to ERISA."  982 F.2d at 1035 (citing *Central States, Se. & Sw. Areas Pension Fund v. Central Trans., Inc.*, 472 U.,S. 559, 570 (1985) (Congress intended that the common law of trusts to [sic] define the general scope of

14

fiduciary responsibility)).  Further, "[a] fiduciary must furnish financial information to its principal upon demand."  *Id.* at 1036 (citing Restatement (Second) of Trusts §§ 172-73 (1959)).  Based on these principals, the court held that [a] trustee has a duty to account to beneficiaries of the trust."  *Id.*

In *Faircloth*, the Fourth Circuit similarly found that "[t]he fiduciary responsibility provisions [of ERISA] invoke the common law of trusts" and "[a]t common law . . . . beneficiaries are always entitled to such information as is reasonably necessary to enable them to enforce their rights under the trust or to prevent or redress a breach of trust."  91 F.3d at 656 (citations omitted).  However, the court ultimately found that § 1104, ERISA's fiduciary duty provision, does not require trustees to produce more information than specifically required by § 1024(b)(4), ERISA's disclosure provision.  *Id.* at 657.  The court based its decision on the principle that a broadly inclusive provision will not be held to apply to a matter specifically dealt with in another part of the same enactment.  *Id.* (citing *Clifford F. MacEvoy Co. v. United States*, 322 U.S. 102, 107 (1944)).  Further, while ERISA's reporting and disclosure scheme, which includes [§ 1024], "may not be a foolproof informational scheme . . . . it is the scheme that Congress devised.  And we do not think Congress intended it to be supplemented by a far-away

15

provision in another part of [ERISA.]"  *Id.* (quoting *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73, 84 (1995)).

None of these courts have addressed the specific question before us: whether ERISA's fiduciary duties obligate a trustee to produce more information *to an employer* than § 1024(a)(1), governing disclosures to employers, requires.  Based on the Fourth Circuit's reasoning in *Faircloth*, the Court finds that a trustee does not have additional disclosure obligations to employers stemming from its status as a fiduciary under ERISA and the basic principles of trust law.  Plaintiffs' claim regarding Defendant's provision of information will continue in so far as it is based on § 1132(a)(3).  The Court will deny Defendant's Motion to Dismiss the remainder of Count II of the Complaint.

C.  Count III: Defendant Engaged in a Prohibited Transaction in Violation of 29 U.S.C. § 1108

Plaintiffs' Complaint alleges that, as a "party in interest" under ERISA, Defendant is prohibited from engaging in certain "prohibited transactions."  Plaintiffs do not reference a section of ERISA, but the applicable provisions are ERISA § 406, 29 U.S.C. § 1106 (prohibited transactions) and ERISA § 408, 29 U.S.C. § 1108 (exemptions to prohibited transactions).  Section 1106 provides, among other things, that a party in interest may not transfer or use plan assets for its own benefit.  Section 1108 excludes from section 1106's limitations the ability of a fiduciary to "receive[] any reasonable compensation for services

rendered, or for the reimbursement of expenses properly and actually incurred, in the performance of his duties with the plan."

Plaintiffs argue that Defendant "violated the prohibited transaction exemption rules by failing to meet fiduciary obligations and industry standards in the provision of services to the Plan," while continuing to be compensated. Compl. ¶ 69.  In short, Plaintiffs argue that Defendant's fees were unreasonable because it provided "sub-par" services. Pl.'s Mem. in Opp'n at 21.

Defendant argues that "Count III fails to state a claim because it is entirely derivative" of the breaches of fiduciary duty alleged in Counts I and II, which also fail to state claims. Def.'s Mot. to Dismiss at 16.  Defendant also argues that Plaintiffs "improperly seek[] to expand ERISA's carefully crafted prohibited transactions provisions." *Id.* (citing *Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1222 (9th Cir. 2000)).  According to Defendant, because the Complaint does not allege that Defendant's fees were unreasonable absent the alleged fiduciary breach, the exemption provided in ERISA § 408, 29 U.S.C. § 1108 was not violated. *Id.*

The Court finds that Count III fails to state a claim. Section 1106 and the exemptions to it granted in § 1108 do not provide an additional form of relief, in the form of a refund of

17

fees for service, for a breach of fiduciary duty.  In addition, Plaintiffs have not alleged that Defendant's fees were unreasonable on their face.  The Court will grant Defendant's Motion to Dismiss Count III of the Complaint.  The Court will also grant Plaintiff ten days from the date of entry of order accompanying this opinion in which to file an amended complaint properly alleging Count III, if Plaintiff so chooses.

### IV.  Conclusion

For these reasons, the Court will **grant** Defendant's Motion to Dismiss Count III and **dismiss** the motion with respect to Counts I and II, as defined above.  The Court will also **grant** Plaintiff ten days leave to amend its complaint as to Count III.

An appropriate Order will issue.


October 6, 2008                    _____/s/_____
Alexandria, Virginia                      James C. Cacheris
                               UNITED STATES DISTRICT COURT JUDGE



_____