IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| LAFARGE NORTH AMERICA, INC., et al. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   1:08cv761 (JCC)<br>) |
| STATE STREET BANK and TRUST COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on a Motion for Reconsideration brought by Plaintiffs Lafarge North America, Inc. f/k/a Lafarge Corporation (Lafarge), the Lafarge North America Inc. Retirement Plan (Plan), and the Lafarge North America Inc. Master Retirement Trust (f/k/a/ Lafarge Corporation Master Retirement Trust) (Lafarge Trust) (collectively, Plaintiffs). For the following reasons, the Court will **grant in part and deny in part** Plaintiffs' motion.

### I. Background

The facts as alleged in Plaintiffs' complaint are as follows.  Plaintiff is an "employee pension benefit plan," as that term is defined in the Employee Retirement Income Security Act of 1974 (ERISA) § 3(2)(A), 29 U.S.C. § 1002(2)(A).

1

Plaintiffs include the "Plan Administrator," "Plan Sponsor," and "Plan Fiduciary," as those terms are defined in ERISA §§ 3(2)(A), 3(16)(A)-(B) and 3(21)(A), 29 U.S.C. §§ 1002(2)(A), (16)(A)-(B) and (21)(A).  Lafarge Trust was established by Lafarge to fund the plan and hold the Plan's assets.  On January 1, 1997, Plaintiffs executed an Agreement and Declaration of Trust (Trust Agreement) that established Bankers Trust (later known as Deutsche Bank Trust Company of America) as the Trustee of the Trust.  On July 30, 2003, the Trust Agreement was assigned to and assumed by Defendant through an assignment agreement (Assignment).

Through the Assignment, Defendant is obligated to hold and administer money and property in the Trust, to pay money out of the Trust at the direction of the Administrative Committee of the Plan (Committee), to process claims accurately and consistently under the terms of the Plan and at the direction of the Committee, and to keep accurate and detailed accounts of all transactions and make these records available to Plaintiffs, in accordance with the Trust Agreement.  Plaintiffs paid fees to Defendant for its services as Trustee.

Under the Plan, certain retirees are eligible for a Social Security bridge payment, which provides an increased benefit equal to the amount the individual would receive from Social Security from the time of retirement until the individual

reached age 62.  The Plan also provides for level pension payments and pension payments for a term certain.  All of these provisions are limited in duration, meaning they are either adjusted or stopped after a certain time.  These payments are, collectively, the "Limited Duration Pensions."

Plaintiffs instructed the Trustee regarding the specific dates to cease Limited Duration Payments.  On January 1, 1997, when Bankers Trust became Trustee, it converted data and information from the prior Trustee so that it could pay benefits pursuant to Plaintiffs' existing instructions.  Seven years later, Bankers/Deutsche assigned its rights and obligations under the Trust Agreement to Defendant.

After Defendant entered into the Assignment, and "in or around Fall 2006," Plaintiffs noticed a high benefit payment.  Review of this payment revealed that the Limited Duration Pensions had not been terminated in accordance with Plaintiffs' instructions, resulting in overpayments in excess of $1,100,000 and lost earnings on these overpayments in excess of $570,000.

Plaintiffs notified Defendant and requested that it restore all of the plan's losses.  Defendant declined to do so.  Plaintiffs repeatedly requested information from Defendant, which Defendant provided approximately two months later.  The information that Plaintiffs eventually received showed facts different from Defendant's original representations to them.

On July 23, 2008, Plaintiff filed a complaint (Complaint), alleging violations of §§ 409, 502(a)(2) and 502(a)(3) of ERISA; 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(a)(3) for Defendant's: (1) breach of fiduciary duties for failure to follow the trust, follow Plaintiffs' instructions, and monitor its own activities; (2) breach of fiduciary duties for failure to produce accounting, data and information to Plaintiffs; and, (3) violation of ERISA's prohibited transaction exemption rules.

Plaintiffs prayed for numerous damages, including the amount overpaid on limited duration pension payments, the investment losses on this amount, full restitution of all fees paid to Defendant, attorneys' fees and costs, and an order enjoining Defendant from further ERISA violations.

Defendant filed a Motion to Dismiss on August 18, 2008. Plaintiffs responded on September 2, 2008 with a Memorandum in Opposition to Defendant's Motion to Dismiss. In a Memorandum Opinion and Order issued on October 6, 2008 (Memorandum Opinion), the Court granted the motion to dismiss Count III, but denied it with respect to Counts I and II. The Court also granted Plaintiffs 10 days in which to file an amended complaint; Plaintiffs chose not to do so.

Plaintiffs filed a Motion for Reconsideration on October 20, 2008. Defendant opposed the motion on November 3,

2008 and Plaintiffs replied on November 10, 2008. This matter is currently before the Court.

## II.  Standard of Review

Under Fed. R. Civ. P. 54(b), any order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of judgment." Fed. R. Civ. P. 54(b). Thus, "a district court retains the power to reconsider and modify its interlocutory judgments." *American Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). The district court's reconsideration of an interlocutory order is not subject to the heightened standards that apply to reconsideration of declaratory judgments. *American Canoe*, 326 F.3d at 514. Instead, the district judge may exercise his discretion to afford relief from his interlocutory orders "as justice requires." *Fayetteville Investors*, 936 F.2d at 1473. The discovery of substantially different evidence, a subsequent change in the controlling applicable law, or the clearly erroneous nature of an earlier ruling would all justify reconsideration. *See American Canoe*, 326 F.3d at 515 (quoting *Sejman v. Warner-Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988)).

**III. Analysis**

In their motion, Plaintiffs request that the Court reconsider two of its findings. They submit (1) that Count I (breach of fiduciary duty) should not be limited to violations arising solely from the Trust Agreement, and (2) that Counts I and II should not be limited to post-2003 breaches by Defendant. These requests will be considered in turn.

    A.   <u>Whether Count I is Limited to Violations Arising from the Trust Agreement</u>

In the Memorandum Opinion, the Court found that "[v]iolations of additional fiduciary duties set forth only in the Trust Agreement must be raised under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)." This section provides that:

> A civil action may be brought . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). The Court also found that Plaintiffs can only seek an injunction and other equitable relief as a remedy for claims brought under this section. Mem. Op. at 10 (citing *id.*).[1]

Plaintiffs object to the Court's finding, arguing that they should be able to bring claims for violations of fiduciary

---

[1] Plaintiff does not appear to contest this particular finding. *See* Pls.' Mot. to Recons. at 5.

duties established in the Trust Agreement under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).  This section provides a cause of action "for appropriate relief under section 1109 of this title."  *Id.*  Section 1109(a), in turn, establishes liability for plan fiduciaries who "breach[] any of the responsibilities, obligations, or duties imposed upon fiduciaries."  ERISA § 409(a), 29 U.S.C. § 1109(a).  These duties include the obligation to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries," to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use," and to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions [subchapters I and III] of this chapter."  ERISA § 404(a)(1)(A), (B), and (D), 29 U.S.C. § 1104(a)(1)(A), (B), and (D).  A party may seek both legal and equitable damages and injunctive relief to remedy violations of § 1109.

Plaintiffs argue that the Court erred in finding that they may only bring claims for the breach of fiduciary duties set forth only in the Trust Agreement under § 1132(a)(3) and not § 1132(a)(2).  First, Plaintiffs submit that Defendant did not argue for this interpretation and thus neither party had the

7

opportunity to fully brief this issue.  Plaintiffs also submit that the Court's finding "is based on the flawed premise that the Trust Agreement is not a Plan document or instrument governing the Plan and [is] . . . not within the scope of a breach of fiduciary duty under ERISA § 404, 29 U.S.C. § 1104."  Pls.' Mot. for Recons. at 7.

Plaintiffs have misinterpreted the Court's findings, which were in their favor on this issue.  As such, the Court will attempt to clarify the import of section III.A of the Memorandum Opinion.  At the outset, the Court notes that it denied Defendant's Motion to Dismiss Count I of the Complaint.  Mem. Op. at 10.  In addition, the phrase, "additional fiduciary duties set forth only in the Trust Agreement," in the finding quoted above refers only to those duties that exist *solely* in the Trust Agreement – and thus exist *nowhere* in the ERISA statute.  It is possible that duties set forth in the Trust Agreement exist separately in, or are incorporated into, ERISA by some section of that statute, for example, by § 1104(a)(1)(A), which governs fiduciary duties.  The parties did not address this issue in the motion to dismiss or their responses thereto; thus, the Court did not address it.  Should the parties later decide to raise this issue, the Court will resolve it at that time.  The phrasing in the Memorandum Opinion was not as precise as intended, and the entire finding cited above may eventually be shown to be

unnecessary, but the Court sought to carefully address every cause of action that Plaintiffs may have asserted in the overlapping claims of their Complaint.

Plaintiffs also expressed confusion regarding the meaning of other parts of the analysis in section III.A of the Memorandum Opinion. *See* Pls.' Mot. for Recons. at 5-6. The Court again notes that it denied Defendant's Motion to Dismiss Count I of the Complaint. Mem. Op. at 10. In response to Plaintiffs' confusion, the Court reiterates its "find[ing] that Plaintiffs' allegations under § 1109 stand . . . because Plaintiffs have alleged sufficient facts to make it at least possible that Defendant breached its fiduciary duties to the Plan." Mem. Op. at 9. Pursuant to the statute, § 1109 claims may be brought under either ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) ("for appropriate relief under section 1109"), or ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) ("to enjoin any act or practice which violates any provision of this subchapter . . . or . . . to obtain other appropriate equitable relief to enforce any provisions of this subchapter"). Based on these clarifications, the Court finds that Plaintiffs' first request is moot.

   B.   <u>Whether Counts I and II Should be Limited to Post-2003 Breaches of the Trust Agreement</u>

In the Memorandum Opinion, the Court found that "Plaintiffs' argument that Defendant is liable based on th[e] language in [§ 1(a) of] the Trust Agreement fails for two

9

reasons." Mem. Op. at 8. In the following paragraph, the Court also found, as noted above, "that Plaintiffs' allegations under § 1109 stand in spite of these failures." Mem. Op. at 9. Plaintiffs argue that this first finding was made in error because the Court interpreted the Assignment contrary to the allegations contained in the Complaint and exceeded the proper scope of a motion to dismiss. Pls.' Mot. for Recons. at 13.

In response, the Court reiterates its finding that it could properly consider the full text of the Trust Agreement and the Assignment, which were submitted by Defendant with its Motion to Dismiss. Mem. Op. at 8-9 n.1 ("It is well-established that a district court ruling on a 12(b)(6) motion to dismiss may consider documents sufficiently referred to in the complaint whose authenticity is not disputed, even if such documents are not attached to the complaint.") (citations and internal quotations omitted). The Court need not rely only on Plaintiff's selective quotations from an essential agreement between the parties in a motion to dismiss.

Upon reconsideration, however, the Court finds that, to the extent that it may have held that Plaintiffs could not bring Count I or Count II for pre-2003 violations of fiduciary duties, it did so prematurely and in error. The Assignment, on its face, provides a sufficient basis for Counts I and II to survive a motion to dismiss, even as to conduct that occurred prior to the

10

Effective Time of that instrument.[2] The allegations in the Complaint and Plaintiffs' additional arguments regarding the interpretation of the Assignment, *see* Pls.' Mot. for Recons. at 13-14, make it at least plausible that Defendant is liable for breaches of fiduciary duties that occurred before the Effective Time. In addition, the extensive briefing provided by the parties regarding their interpretations of ¶ 1 of the Assignment in response to this motion and the motion to dismiss show that its meaning was not a proper subject of a motion to dismiss. To the extent that the Memorandum Opinion held differently, it did so in error.

### IV.  Conclusion

For these reasons, the Court will deny as moot the first request in Plaintiffs' Motion for Reconsideration, that Count I not be limited to violations of the Trust Agreement, and grant Plaintiffs' second request, that Counts I and II not be limited at this stage to post-2003 breaches of the plan documents.

An appropriate Order will issue.

November 25, 2008                           _____/s/_____
Alexandria, Virginia                                James C. Cacheris
                                            UNITED STATES DISTRICT COURT JUDGE

---

[2] The Assignment provides that "from and after the Effective Time," all of Deutsche's rights, liabilities, and duties "will be assumed by and transferred to" Defendant. Assignment at ¶ 1(a). The Effective Time is defined as "the time of the complete conversion of the accounts" from Deutsche to Defendant. *Id.* at 1 ¶ C.